UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAWN MCCOY, | ) | CASE NO. 4:07 CV 1223 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

On April 24, 2007, pro se plaintiff Shawn McCoy filed this Mandamus action against Corrections Corporation of America ("CCA").  In the complaint, plaintiff "seeks a writ of mandamus to compel the respondent to take remedial action with respect to the law library at the [Northeast Ohio Correctional Center.]" (Pet. at 1.)

**Background**

Mr. McCoy states that he is a federal prisoner in the custody of the United States Marshal awaiting transfer to a Bureau of Prisons facility.  At the time he filed the complaint, Mr. McCoy was temporarily housed at the Northeast Ohio Correctional Center ("NEOCC"), a private prison owned and operated by CCA.  Bureau of Prisons records indicate that Mr. McCoy was subsequently transferred to FCI-McKean, in Pennsylvania.

Mr. McCoy contends that "the current conditions at the NEOCC violate the 1st Amendment to the United States Constitution." (Pet. at 1.) He claims that NEOCC officials are not providing him with sufficient access to an adequate law library. He states that because he is being housed in the Special Housing Unit ("SHU"), he is not permitted to visit the law library. He is only permitted to request to have legal materials delivered to his cell. He indicates he has filled out requests for materials but he has not received the materials he seeks. Mr. McCoy claims the entire second series of the federal reporters is missing, and the library does not contain a Shepard's book, "U.S. Government Manual," or American Jurisprudence encyclopedia. He states he requires sufficient access to the law library so he can "research, draft, and type legal pleadings related to his federal conviction, and possible civil actions, like the instant one." (Pet. at 2.) He asks this court to require the prison to "provide him sufficient access to an adequate law library." (Pet. at 2.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). The district court is provided with mandamus

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

jurisdiction under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. See Heckler v. Ringer, 466 U.S. 602, 616-17 (1984); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995); Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir.1990).  Mr. McCoy has not set forth allegations reasonably suggesting that he is entitled to mandamus.  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. McCoy is no longer at NEOCC.  He has been transferred to FCI-McKean.  His request that this court order NEOCC to provide him with sufficient access to an adequate law library is therefore moot.  See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); see also Nunez v. FCI Elkton, No. 01-3970, 32 Fed.Appx. 724, 726 at *2 (6th Cir. March 26, 2002).

Moreover, even if Mr. McCoy had not been transferred, he would not be entitled to mandamus relief.  To obtain this type of relief, Mr. McCoy must first allege that he has a clear right to relief.  Mr. McCoy asserts, in essence, that he was being denied access to the courts.  A claim for denial of access to the courts requires the petitioner to demonstrate he is suffering an actual injury.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  The injury requirement is not satisfied by just any type of frustrated legal claim.  Id.  A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus applications, or civil rights actions.  Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999).  "Impairment of any other litigating capacity is simply one of the incidental, and perfectly

3

constitutional, consequences of conviction and incarceration."[2]  Id. at 355.

In support of the claim of actual injury, Mr. McCoy alleges only that he "needs sufficient access to an adequate law library so he can research, draft, and type legal pleadings related to his federal conviction, and possible civil actions, like the instant one."  (Pet. at 2.)  There is no indication that NEOCC officials prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, a habeas corpus application, or any civil rights actions.  Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999).  Absent any allegation suggesting that Mr. McCoy was suffering an actual injury, he is not entitled to relief.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 7/26/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2]      The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis, 518 U.S. at 355.